# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY CROMWELL-JONES | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | NO. 19 CV 000279 |
| | ) | |
| LEXIA LEARNING SYSTEMS, LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| DEFENDANT | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I-III OF PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, TRACEY CROMWELL-JONES, by Chiquita Hall-Jackson of Hall-Jackson & Associates, PC, and in support of her response to the Defendant's Motion to Dismiss Count I-III of the Complaint, and states as follows:

Plaintiff is a 53-year-old African American female. In April of 2014, Plaintiff started her position as a Professional Learning Facilitator (PLF) with the Defendant. She was officially hired as a part-time employee of the Defendant in January 2016. During her time with the Defendant the Plaintiff met the Defendant's legitimate expectations. The Plaintiff is still employed with the Defendant. The Plaintiff have applied for multiple positions within the company that would be considered a promotion for her. The Plaintiff was qualified for each advanced position in which she applied for.

However, the Plaintiff have been denied the advance positions and each time with a non-legitimate reason. All of those advance positions have been given to non-African American employees and those who were younger with less experience than the Plaintiff. After filing an

internal complaint of discrimination, the Plaintiff subsequently filed a Charge of Discrimination. She then initiated suit in this Court. In response to the Complaint the Defendant has filed a Motion to Dismiss. In return the Plaintiff submits her response in opposition to the Defendant's motion.

**Standard of Review**

To survive a Rule 12(b)(6) motion, a complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir.2008). All that Federal Rule of Civil Procedure 8 requires is a short and plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The court may dismiss a complaint pursuant to a Rule 12(b)(6) motion "only if 'it is clear beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Palda v. General Dynamics Corp.,* 47 F.3d 872, 874 (7th Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

In considering dismissal, the court must "accept as true all the plaintiff's well pleaded factual allegations and the inferences reasonably drawn from them." *Gibson v. City of Chicago,* 910 F.2d 1510, 1520–21 (7th Cir.1990); *see also Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996). A complaint need not plead law or match facts to every element of a legal theory. *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998). "Matching facts against legal elements come later." *Sanjuan v. American Bd. of Psychiatry and*

*Neurology. Inc.,* 40 F.3d 247, 251 (7th Cir. 1994). Courts will deny a Rule 12(b)(6) motion where the defendant merely "attempts to nit-pick the complaint to death." *LaSalle v. Medco Research, Inc.,* 54 F.3d 443, 447 (7th Cir. 1995).

**Argument**

**A. Counts I, II, and III State a Claim Upon Which Relief May Be Granted**

The Defendant argues that the Court should dismiss Plaintiff's Count's I, II, and III solely on the basis that the Complaint improperly states that "Plaintiff was denied an advanced position for legitimate reason." This was clearly an error. Secondly, in order to establish a prima facie claim of age and/or race discrimination failure to promote claim, the Plaintiff must establish: (1) she is a member of a protected class (i.e. 40 years of age or older and/or a member of a racial minority); (2) she was qualified for the position that was applied for; (3) she was rejected for the position sought; and (4) the position was granted to a person outside Plaintiff's protected class who is similarly or less qualified than Plaintiff. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 719 (7th Cir. 2018). The burden then shifts to the Defendant to articulate a non-discriminatory reason for it actions.

Here, the Defendant does not challenge the idea that the Plaintiff can establish a prima facie case of failure to promote based on discrimination. In its Motion to Dismiss the Defendant does not challenge one element as it relates to this matter. Nor can they. The Plaintiff is of the protected class because she was over the age of 40 at all relevant times. (See Dkt. 1 ¶10). She identifies as African American. *Id*. Thus, she meets the first element. She qualified for the position of Customer Implementation Manager, which is the position she has applied for on multiple occasions throughout her time with the Defendant. She also qualified for the other positions in which she qualified for. Thus, she meets the second element. She meets the third and fourth element as well

3

because she was rejected from the position she sought as Customer Implementation Manager each time she applied. Each time the position was granted to a person outside of Plaintiff's protected class. (Dkt. 1, ¶ 23).

The Plaintiff does not agree that the reason given for her not being promoted was a legitimate reason. This include Nancy Kolas requiring that the Plaintiff wait one year before she was able to take the test again. *Id.* at ¶66. The Defendant's actions were pretext for discrimination. It is also evident by the idea that Plaintiff and several other employees applied for management positions and there still are no African American's in a management position. *Id.* at ¶76. The Plaintiff does not admit that the Defendant's decision was legitimate. It was clearly an oversight that should read, "non-legitimate." Thus, the Plaintiff can establish a prima facie case of age and race discrimination. The Defendant cannot show that it failed to promote the Plaintiff for non-discriminatory reason and the Plaintiff would be successful on her claim. Lastly, note that the Defendant suggests that Count III should be dismissed but it makes no reference at all to Count III in its argument. As a result, the Defendant's motion should be denied as it relates to Counts I, II, and III for failure to state a claim for age and race discrimination.

**B. Counts I, II, and III Are Within the EEOC Charge and the Applicable Statute of Limitations**

Here, the Defendant argues that the Plaintiff's Counts I, II, and III should be dismissed because she alleges discriminatory acts outside both the scope of Plaintiff's EEOC Charge and the Applicable Statute of Limitations.

The appropriateness of a statute of limitations defense as the basis of a Fed. R. Civ. P. 12(b)(6) motion to dismiss was addressed by both the Seventh Circuit and the Northern District of Illinois. *See Durham v. Loan Store Inc.* 2005 U.S. Dist. LEXIS 22059 (N.D. Ill. 2005, Judge Coar)(Citations omitted). In *Durham*, this Court held, "statute of limitations, as an affirmative

defense, is rarely a good reason to dismiss under Rule 12(b)(6). *Id* at 21. Furthermore, Plaintiff is not required to anticipate and overcome affirmative defenses in his complaint. *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999). "The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Williams v. Illinois. Department of Corrections*, 2006 U.S. Dist. LEXIS 12746, at 2 (N.D. Ill. 2006, Judge Coar). (Citations omitted). When considering a motion to dismiss, a court must construe all allegations in the complaint in the light most favorable to the Plaintiff and accept all well-pleaded facts as true. (*Id.*).

In addition to the language above, the Plaintiff did in fact include her previous failure to promote claims in her charge of discrimination. Per the Plaintiff's Charge filed on August 17, 2017, she states that this was not the first time that she was passed over for a promotion with the company. (Dkt. 1-1; II at 5; III at 4). Thus, it was included in the Plaintiff's EEOC Charge of Discrimination.

Even if certain claims are not specifically referenced in an EEOC charge, "a plaintiff can still bring them if they are like or reasonably related to the allegations of the EEOC charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976). For a claim to be like or reasonably related, "the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals." *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir.1994). Here, the Plaintiff indicates that she was passed over for several promotions throughout her time with the Defendant. This includes incidents in 2016. Per the Defendant, the Plaintiff's 300 days would only allow her to go back to November 2, 2016 and any claims prior to that is time barred. However, under *Jenkins* the Plaintiff would be allowed to raise any facts relating to her claims of failure to promote prior to November

2, 2016 since it is like conduct of her March 22, 2017 allegations.  It also includes same individuals such as Nancy Kolas, and other decision makers for the Customer Implementation Manager and other positions. Thus, the Defendant's motion should be denied.

## CONCLUSION

For all of the foregoing reason, the Plaintiff request that his Honorable Court deny the Defendant's motion to dismiss Counts I, II, and III.  In the alternative, the Plaintiff seeks that this Honorable Court grant the Plaintiff leave to file an amended complaint.

Dated: April 24, 2019

Respectfully submitted,

/s/ Chiquita Hall-Jackson
Chiquita Hall-Jackson

Name: Chiquita Hall-Jackson, Esq.
Attorney for: Plaintiff
Address: 166 W. Washington, Suite 275
Chicago, IL 60602
Telephone Number: 312-255-7105

## CERTICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2019, I electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I-III OF PLAINTIFF'S COMPLAINT with the Clerk of the Court by using the CM/ECF system which will serve a Notice of Filing on all counsel of record.

/s/Chiquita Hall-Jackson
Chiquita Hall-Jackson
chj@hall-jacksonandassociates.com