**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Tracey Cromwell-Jones,** | ) | |
| **Plaintiff,** | ) | No. 19 C 279 |
| **v.** | ) | |
| | ) | |
| **Lexia Learning Systems, LLC,** | ) | **Judge Ronald A. Guzmán** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss [15] is denied.

## STATEMENT

Plaintiff filed suit alleging age and race discrimination and retaliation. Defendant moves to dismiss Counts I (age discrimination), II (race discrimination), and III (§ 1981 disparate treatment based on race).

Defendant first contends that Plaintiff essentially pleads herself out of court by alleging that she was denied certain positions "with a legitimate reason." (Compl., Dkt. # 1, ¶ 22.) As Plaintiff points out in her response, this was a misstatement in that it should have read "with no legitimate reason"; thus, this basis for relief is denied.

Defendant next argues that the age and race discrimination counts should be dismissed because certain of the allegations are outside the scope of the Equal Employment Opportunity Commission ("EEOC") charge Plaintiff filed. "[A] plaintiff can only bring claims under Title VII . . . that [s]he has included in the original charge filed with the [EEOC] . . . ." *Cervantes v. Ardagh Group*, 914 F.3d 560, 564 (7th Cir. 2019). A plaintiff, however, may bring claims that are "like or reasonably related" to the EEOC charge such that they "can be reasonably expected to grow out of an EEOC investigation of the charges." *Id*. at 565. In addition, "EEOC charges must be filed no later than 300 days after the alleged adverse employment action occurs." *Davis v. Palos Health*, No. 18 C 4345, 2019 WL 214916, at *3 (N.D. Ill. Jan. 16, 2019) (citing 29 U.S.C. § 626(d)(1)(B); *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890-91 (7th Cir. 2016)). Defendant seeks to exclude any allegations of discrimination that are outside the scope of the EEOC charge or are time-barred. To the extent that Plaintiff's claims fall into either of these categories, they will not be allowed. However, as noted below, Plaintiff's allegations are sparse; thus, the arguments regarding the scope of the charge and the timeliness of certain allegations are better addressed after discovery, when the evidence has been more fully developed.

Plaintiff's allegations need not be highly detailed. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) ("'I was turned down for a job because of my race' is all a complaint has to say.") (citations and internal quotation marks omitted). Plaintiff's

claim for age discrimination states that she "applied for several Customer Implementation Manager (CIM) and other advancement positions with the Defendant between 2016 and the [present]," but that the positions went to younger, less-qualified individuals. (Compl., Dkt. # 1, ¶¶ 27, 30-31.) The allegations in her race discrimination claim (Count II) that she "has applied for multiple promotions within the company" but has been "denied each advancement opportunity that she applied for" based on her race, (*id*. ¶¶ 37-38), are broad and nonspecific, but more information is not required at this stage. As noted by the Seventh Circuit, "[m]ost details are more efficiently learned through the flexible discovery process." *Concentra Health,* 496 F.3d at 779.

In Count III, a disparate treatment claim under 42 U.S.C. § 1981, Plaintiff generally alleges that "Defendant did not equally enforce the company's policy for Plaintiff in comparison to her non-Black counterpart[s], including but not limited to promotional opportunities within the company," and that "Defendant [was] often bias[ed] when it came to interpreting and enforcing the rights, privileges, conditions, and responsibilities of its Black and non-Black employees." (*Id*. ¶¶ 52-53.) This is sufficient to state a disparate treatment claim.[1] *See Smuk v. Specialty Foods Grp., Inc*., No. 13 C 08282, 2015 WL 135098, at *2 (N.D. Ill. Jan. 9, 2015) (allegations that the defendant was "discriminating against Plaintiff based on his gender"; "a policy, pattern, and practice of sexual harassment of men and discrimination based on gender"; "discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment"; and "lost wages, back pay and front pay, [and] lost future wages" were sufficient to state a claim for disparate treatment); *Lucas v. Vee Pak, Inc*., 68 F. Supp. 3d 870, 878 (N.D. Ill. 2014) (allegations that the plaintiffs "were not hired while equally or less qualified applicants of other races were hired, that they were subjected to peculiar application requirements, and that [the defendant's] temporary workforce includes 'almost no' African Americans" were sufficient to state a claim for disparate treatment).

Defendant's motion to dismiss Counts I, II, and III of Plaintiff's complaint is denied.

**Date:** May 14, 2019

**Ronald A. Guzmán**
**United States District Judge**

---

[1] "Title VII claims and 42 U.S.C. § 1981 claims incorporate the same liability standard." *Whitfield v. Int'l Truck & Engine Corp*., 755 F.3d 438, 442 (7th Cir. 2014).